FRANK DUNCOVICH, Appellant, v. STEPHEN RIPLEY, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of Montgomery county on September 12, 1940, in favor of the defendant on the verdict of the jury of no cause of action and awarding costs to defendant, and from an order of the trial justice denying the motion by plaintiff to set aside the verdict. The verdict of the jury and the judgment of the trial justice are against the weight of evidence and the judgment and order appealed from should be reversed and a new trial granted. Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

HOMER BAIRD, Appellant, v. HARVEY E. REESE and LILLIAN M. REESE, Respondents.— Plaintiff has appealed from the judgment of the Fulton Trial Term of the Supreme Court dismissing his complaint. The action is to recover damages for alleged false and fraudulent representations. The facts involved in this action were all litigated and decided in *Fulton County National Bank & Trust Co. of Gloversville* v. *Reese* (249 App. Div. 702). On the present appeal plaintiff makes no claim that the evidence does not sustain the judgment. His sole criticism is that while testifying as a witness the trial judge should have granted him a recess in order that he might consult with his counsel and frame his answers accordingly. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DEBERNARDO, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison at Dannemora, N. Y., Respondent.— Appeal from an order dismissing a writ of habeas corpus entered in the Clinton county clerk's office on July 8, 1940. Appellant pleaded guilty to the crime of robbery, third degree, while armed, and was given an additional five years' sentence. The certificate of conviction so recites. We may not go behind it upon the record here presented as to the fact that appellant was armed. Appellant, however, urges that there is no such crime as robbery, third degree, while armed, citing in support thereof the definitions and degrees of robbery as set forth in the Penal Law. The same situation existed in the case of *People* v. *Krennen* (264 N. Y. 108), and it was held there that an additional sentence was justified; and also that the fact of being armed during the commission of the crime was not a part of the crime itself. Order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

ARTHUR M. FORTE, as Administrator, etc., of ROBERT FORTE, Deceased, Appellant, v. THE CITY OF ALBANY, Respondent; THE NEW YORK CENTRAL RAILROAD COMPANY, M. F. DOLLARD, M. F. DOLLARD, JR., INC., and WILLIAM M. BALLARD, INC., Defendants. JOSEPH KUTTLER, as Administrator, etc., of JOHN KUTTLER, Deceased, Appellant, v. THE CITY OF ALBANY, Respondent; THE NEW YORK CENTRAL RAILROAD COMPANY, M. F. DOLLARD, M. F. DOLLARD, JR., INC., and WILLIAM M. BALLARD, INC., Defendants. HENRY SWANKER, Appellant, v. THE CITY OF ALBANY, Respondent; THE NEW YORK CENTRAL RAILROAD COMPANY, M. F. DOLLARD, M. F. DOLLARD, JR., INC., and WILLIAM M. BALLARD, INC., Defendants. CHARLES AUGUSTUS KEEFE, Appellant, v. THE CITY OF ALBANY, Respondent; THE NEW YORK CENTRAL RAILROAD COMPANY, M. F. DOLLARD, M. F. DOLLARD, JR., INC., and WILLIAM M. BALLARD, INC., Defendants.— Motion for reargument denied. Motion for leave to appeal

to the Court of Appeals denied. [See 260 App. Div. 962.] Hill, P. J., Crapser, Heffernan and Schenck, JJ., concur; Foster, J., taking no part.

In the Matter of the Petition of ALMA M. FABRICIUS, Appellant, for an Order against ERNEST E. COLE, as Commissioner of Education, State of New York, Respondent, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Party-Respondent.— Motion dismissed. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

RALPH CALKIN, Appellant, v. GRAMM MOTOR TRUCK CORP., Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

ELIZABETH STEIGER, Respondent, v. SYLVIA REIG, LOUIS REIG, BECKY BLUM, NORMAN KEMPER and SWAN LAKE COUNTRY CLUB, INC., Appellants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

CHARLES SANN, JR., Appellant, v. JENNIE FREDERICKSON, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Attention is called to the fact that a copy of the decision of this court is not attached to the motion papers as required by rule 16 [of the Rules of Appellate Division, Third Department]. Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Schenck, J., taking no part.

In the Matter of the Estate of FRED G. KIRKBRIDE, Deceased.— Motion for leave to appeal to the Court of Appeals denied. Motion for certification of questions denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Probate of the Last Will and Testament of MAY ELIZABETH WHITE, Deceased.— Appeal from a decree of the Surrogate's Court of Broome County, admitting to probate the will of May Elizabeth White, deceased. The decree was made after a trial by jury of certain questions of fact, the principal one of which, and the only one of importance on appeal, was whether decedent was competent to make a will at the time she executed the instrument in question. The jury answered this question in the affirmative, and there was abundant evidence to sustain their verdict. No errors were committed on the trial sufficient to require a reversal of the decree. Decree unanimously affirmed, with separate bills of costs to respondent and special guardian. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.